ACCEPTED
15-25-00044-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/21/2025 3:31 PM
CHRISTOPHER A. PRINE
CLERK

CAUSE NO. 15-25-00044-CV

IN THE COURT OF APPEALS

FOR THE FIFTEENTH DISTRICT OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/21/2025 3:31:56 PM
CHRISTOPHER A. PRINE
Clerk

AUSTIN, TEXAS

_____

**UGALAHI OFFOBOCHE**

**Appellant**

**VS.**

**COLLIN COUNTY, TEXAS, COLLIN COUNTY SHERIFF'S DEPUTIES MOUNGER, WATSON, McMILAN AND FORMER COLLIN COUNTY CHIEF DEPUTY CONSTABLE RUMFIELD**

**Appellees**

_____

Appeal from Cause No. 429-08578-2024, 429TH Judicial District Court, Collin County, Texas, The Honorable Jill Willis, Judge Presiding

_____

**BRIEF OF APPELLEES**

_____

**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEY FOR MOVANTS/APPELLEES**
**COLLIN COUNTY, TEXAS, COLLIN COUNTY**
**DEPUTIES JOSHUA MOUNGER, MARK**
**WATSON, LEE McMILLAN,** and **CHIEF**
**DEPUTY CONSTABLE MICHAEL RUMFIELD**

**ORAL ARGUMENT REQUESTED**

CAUSE NO. 15-25-00044-CV

IN THE COURT OF APPEALS

FOR THE FIFTEENTH DISTRICT OF TEXAS

AUSTIN, TEXAS

———————————————————————————————

UGALAHI OFFOBOCHE

Appellant

VS.

COLLIN COUNTY, TEXAS, COLLIN COUNTY SHERIFF'S DEPUTIES MOUNGER, WATSON, McMILAN AND FORMER COLLIN COUNTY CHIEF DEPUTY CONSTABLE RUMFIELD

Appellees

———————————————————————————————

Appeal from Cause No. 429-08578-2024, 429TH Judicial District Court, Collin County, Texas, The Honorable Jill Willis, Judge Presiding

———————————————————————————————

BRIEF OF APPELLEES

———————————————————————————————

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

COME NOW **Collin County, Texas, Collin County Sheriff's Deputies Joshua Mounger, Mark Watson, Lee McMillan, and former Collin County Chief Deputy Constable Mike Rumfield**, Appellees herein and movants in the District court, and file their BRIEF requesting the FINAL JUDGMENT, PROTECTIVE ORDER, AND ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE entered January 30, 2025 (Clerk's Record, hereinafter "C.R.", 94-99) be affirmed, and in support thereof would show:

# TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v-viii

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix-xii

Statement Concerning Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

Issues Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-4

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-35

I.      Issues Related to Quashing of Subpoenas are moot . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II.     429th District Court of Collin County had jurisdiction to adjudicate the
Motion For Protective Order and the Motion For Sanctions . . . . . . . . . . . . . . . . . . . . . 8-15

     1.     Applicable Texas Rules of Civil Procedure regarding Subpoenas . . . . . . . . . . 8-13

     2.     Clearly established case law regarding dominant jurisdiction of a
Court resolving non-party Motion for Protective Order . . . . . . . . . . . . . . . . . 13-15

     3.     Appellant's consternation about whether subpoenas were or were not
properly served is irrelevant to core issue of 429th District Court's jurisdiction
to adjudicate Motion for Protective Order and Motion For Sanctions . . . . . . . . 15

III.    429th District Court of Collin County correctly issued PROTECTIVE ORDER . . . . . . . . . . 16-25

     1.     Limited PROTECTIVE ORDER issued by 429th District Court . . . . . . . . . . . . . . . 16

     2.     Abuse of Discretion Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

     3.     Four Texas Attorney General Opinions and express findings of privilege . . . . . 17-20

          A.     Texas Supreme Court precedence holds that Public Information Act
"Law Enforcement" provisions creates privilege from civil discovery . . .18-19

          B.     Appellant fundamentally misunderstands term "basic information"
and does not appreciate its inapplicability herein . . . . . . . . . . . . . . . . . 19-20

4.        TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 30.006 . . . . . . . . . . . . . . . 21-22

5.        More than ample evidence and law supports the 429th District Court's PROTECTIVE ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23-25

IV.    429th District Court of Collin County correctly imposed Sanctions . . . . . . . . . . . . . . . 26-35

1.        Sanctions under Court's Inherent Power . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26-27

2.        Entire case history evaluated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

3.        Abuse of Discretion review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27-29

4.        Collin County has standing to bring Motion for Sanctions . . . . . . . . . . . . . . . 29

5.        Appellant, not her clients, is responsible for sanctionable conduct . . . . . . . . . . 30

6.        Collin County 429th District Court did not abuse its discretion in Imposing sanctions against Appellant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30-35

        A.      Failure to comply with applicable law regarding non-party law enforcement records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

        B.      Appellant's failure to take reasonable steps to avoid imposing undue burden or expense on Appellees . . . . . . . . . . . . . . . . . . . . . . . 31-32

        C.      Willful and deliberate attempt to subjugate 429th District Court's authority to adjudicate pending Motion for Protective Order . . . . . . . . 32-33

        D.      Disruption, Interference and Costs of Collin County, its Sheriff's Office, and its Law Enforcement Employees . . . . . . . . . . . . . . . . . . . . . . 33

        E.      Appellants bad faith abuse of the judicial process and interference with the 429th District Court's traditional core functions . . . . . . . . . . . 33-35

Prayer for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37-48

**CASES**

*A-Rent Test Equip., LLC v. Shermco Indus.*,
    2024 WL 339377, 2024 Tex. App. LEXIS 603,
    (Tex. App. - Dallas Jan. 30, 2024, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

*Bowie Mem'l Hosp. v. Wright*,
    79 S.W.3d 48 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Buholtz v. Gibbs*,
    2019 Tex. App. LEXIS 7469, 2019 WL 3940973
    (Tex. App.—Dallas Aug. 21, 2019, pet. denied)(mem. op.) . . . . . . . . . . . . . . . . . . . . . . . 17

*Cire v. Cummings*,
    134 S.W.3d 835 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*City of Carrollton v. Paxton*,
    490 S.W.3d 187 (Tex. App.-Austin 2016, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . 19-20

*Cooper v. McNulty*,
    No. 05-15-00801-CV, 2016 Tex. App. LEXIS 11333,
    (Tex. App.—Dallas Oct. 19, 2016, no pet.)(mem. op.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Dallas Cnty. Constable Precinct 5 v. KingVision Pay–Per–View, Ltd.*,
    219 S.W.3d 602  (Tex.App.- Dallas 2007, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*DGF Holdings, Ltd. v. Air Clinic Air Conditioning & Heating, Inc.*,
    2025 WL 1558886, 2025 Tex. App. LEXIS 3759,
    (Tex. App. - Dallas, June 2, 2025)(Mem. Opinion on Rehearing) . . . . . . . . . . . . . .  . . 27-28

*Dominguez v. Dominguez*,
    583 S.W.3d 365, (Tex. App.—El Paso 2019, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Downer v. Aquamarine Operators, Inc.*,
    701 S.W.2d 238 (Tex. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Falk & Mayfield v. Molzan*,
    974 S.W.2d 821 (Tex. App. - - Houston [14th Dist.] 1998, pet. denied.) . . . . . . . . . . . . . . 27

*Ford Motor Co. v. Castillo*,
    279 S.W.3d 656 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Harris v. Rose*,
204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . 28

*Hobson v. Moore*,
734 S.W.2d 340 (Tex. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Houston Chronicle Publishing Co. v. City of Houston*,
531 S.W.2d 177 (Tex. App.—Houston [14th Dist.] 1975),
writ ref'd n.r.e., 536 S.W.2d 559 (Tex. 1976) (per curiam) . . . . . . . . . . . . . . . . . . . . . 19

*In Re H.M.S.*,
349 S.W.3d 250 (Tex. App. - - Dallas 2011, review denied) . . . . . . . . . . . . . . . . . . . . . 29

*In re J.M.*,
699 S.W.3d 685 (Tex. App. - Houston [14th Dist.] Oct. 15, 2024, no pet.) . . . . . . . . . . 11-12

*In re KVIA-Channel 7*,
2024 WL 3870391, 2024 Tex. App. LEXIS 5967 (Tex. App.- El Paso
Aug. 19, 2024, no pet. h.)(mem. op.), writ denied, 2024 Tex. App. LEXIS 7021
(Tex. App. El Paso Sept. 27, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Reed*,
2007 WL 4440901, 2007 Tex. App. - LEXIS 9847
(Tex. App. Waco Dec. 19, 2007, orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In RE. Seitel, Inc.*,
2004 WL 2438854, 2004 Tex. App. LEXIS 9690
(Tex. App. - Houston [14th Dist.], Nov. 2, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Sims*,
88 S.W.3d 297 (Tex. App.—San Antonio 2002, orig. proceeding) . . . . . . . . . . . . . . . . 14-15

*Kennedy v. Kennedy*,
125 S.W.3d 14 (Tex.App.-Austin 2002, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Ketterman v. Texas Dep't of Fam. & Protective Servs.*,
2014 WL 7473881(Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) . . . . . . . . . . 28

*Koslow's v. Mackie*,
796 S.W.2d 700 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27-28

*Latham v. Thornton*,
806 S.W.2d 347 (Tex.App.--Fort Worth 1991, orig. proceeding) . . . . . . . . . . . . . . . . . 13, 14

*Liles v. Contreras*,
547 S.W.3d 280 (Tex. App. - San Antonio 2018, pet. denied) . . . . . . . . . . . . . . . . . . . . . 32

*Loftin v. Martin,*
776 S.W.2d 145 (Tex.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Medlin v. King*,
705 S.W.3d 267 (Tex. App.—El Paso 2024, pet. denied) . . . . . . . . . . . . . . . . . . . . . . 10-11

*Nat'l Collegiate Ath. Ass'n v. Jones*,
1 S.W.3d 83 (Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*,
971 S.W.2d 439 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Paxton v. Escamilla*,
590 S.W.3d 617 (Tex. App.—Austin 2019, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . 20

*Texas Attorney General's Office v. Adams*,
793 S.W.2d 771 (Tex. App.--Fort Worth 1990, no writ) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Unifund CCR Partners v. Villa*,
299 S.W.3d 92 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Union Carbide Corp. v. Martin*,
349 S.W.3d 137 (Tex.App.-Dallas 2011, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon*,
195 S.W.3d 98, (Tex. 2006) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**STATUTES**

TEX. CIV. PRAC. & REM. CODE Section 30.006(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .vii, 21, 22

TEX. CIV. PRAC. & REM. CODE Section 30.006(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 23

TEX. GOV. CODE §552.108(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, 18

**RULES**

TEX. R. APP. P. 38.2(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, 1

TEX. R. APP. P. 39.1(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tᴇx. R. Cɪv. P, Rule 176.3(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Tᴇx. R. Cɪv. P, Rule 176.6(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

Tᴇx. R. Cɪv. P, Rule 176.6(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Tᴇx. R. Cɪv. P. Rule 176.8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tᴇx. R. Cɪv. P. Rule 192.6(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**STATEMENT OF THE CASE**

Appellees are dissatisfied with Appellant's STATEMENT OF THE CASE,[1] and thus, in accordance with TEX. R. APP. 38.2(a)(1)(B), provide their own STATEMENT OF THE CASE.

This appeal challenges the Collin County 429th District Court's issuance of a PROTECTIVE ORDER regarding subpoenas to four non-party Collin County law enforcement officers for their appearance at a civil trial in the 193rd District Court of Dallas County and the imposition of sanctions against the Appellant [Counsel Ugalahi Offoboche] for her conduct related to same. (C.R. 94-99). It is the culmination of a nearly three and a half year misguided attempt by Appellant[2] and her clients to obtain privileged law enforcement investigative information which fall within the purview of TEX. CIV. PRAC. & REM. CODE §30.006 and TEX. GOV. CODE § 552.108(a)(2), and for which - in at least four prior opinions - the Texas Attorney General's Office expressly determined to be confidential. Appellant seeks reversal of the 429th District Court's FINAL JUDGMENT, PROTECTIVE ORDER, AND ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE entered January 30, 2025.

**Course of Proceedings**

Appellant is counsel for Plaintiffs Edward and Robin Brown in a civil case pending in the 193rd District Court of Dallas against an Airpark regarding alleged loss/theft of a Cessna Airplane. (C.R. 7; see also, APPELLANT'S AMENDED BRIEF, p. 10). Appellant issued and purported to serve[3]

---

[1]See, APPELLANT'S AMENDED BRIEF, "Statement of the Case", p. 10-12

[2]Appellant's representations to this Court that neither she nor her clients were the persons seeking the Sheriff's Office's criminal file materials through Public Information Act requests [See, i.e. APPELLANT'S BRIEF, p. 15 ("there is nothing in the attached opinion rulings that shows appellant was the requestor or was attempting to obtain law enforcement records")] is particularly distasteful and disingenuous. It is beyond cavil that Appellant and her clients indeed were Public Information Act requestors seeking such criminal investigative information. See, APPENDIX EX.'S 1-4 attached hereto regarding the series of Public Information Act requests and resulting Texas Attorney General decisions.

[3]The propriety of the service of the subpoenas is not as certain as Appellant hopes, but the resolution of same is not material to the disposition of this appeal.

four civil subpoenas for Collin County Sheriff's Deputies Joshua Mounger, Mark Watson, Lee McMillan, and former Collin County Chief Deputy Constable Mike Rumfield compelling their appearance at trial in the civil lawsuit pending in Dallas County on December 3, 2024. (C.R. 17-20). Appellees, on Monday, November 25, 2024, filed their MOTION TO QUASH SUBPOENAS, REQUEST FOR ISSUANCE OF PROTECTIVE ORDER, AND AWARD OF COLLIN COUNTY'S ATTORNEY'S FEES (C.R. 4; 7-26), in Collin County - the county where the subpoenas were purportedly served - and same was assigned to the 429th Judicial District Court presided over by long time Judge Hon. Jill Renfro Willis. (C.R. 4).[4]  At that time, no hearing was requested by Appellant, nor set by the 429th District Court, on Appellees' MOTION. (C.R. 4).

That same day, the Appellees' MOTION was served upon Appellant, which resulted in a series of emails between Appellant and Counsel for Appellees about Appellees' MOTION, the applicable Rules of Civil Procedure, the 429th District's jurisdiction to rule on the Motion for Protective Order, and ongoing attempts by Appellant to serve Appellees with new subpoenas. (C.R. 33 - 40).

Thereafter, Appellant filed in the 193rd District Court of Dallas the "PLAINTIFFS' RULE 176.8 MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENA AND ORDER ATTENDANCE OF WITNESSES SUBPOENAED TO TESTIFY AT TRIAL." (C.R. 42-74).  Appellant purports to have served a copy on Appellant's counsel on Thanksgiving Day, November 28, 2024 (APPELLANT'S AMENDED BRIEF, p. 24, citing C.R. 42-70), but the filed-marked copy reflects that Appellant's MOTION was filed on Monday, December 2, 2024, at 12:00 a.m. (C.R. 42). The "Courtesy Notification" for the Appellant's MOTION was not received until the very early Sunday morning  of the Thanksgiving holiday, December 1, 2024, at 7:48 a.m. (C.R. 71).

---

[4]See also, online Texas State Directory, Hon. Jill Renfro Willis, https://www.txdirectory.com/online/person/?id=34824&office=22929

The trial of the civil case in Dallas County, scheduled to proceed on Tuesday, December 3, 2024, was continued (C.R. 31), although the Appellant did not advise Appellees nor their counsel of same. On Monday, December 9, 2024, Appellees filed their SUPPLEMENT TO MOTION TO QUASH SUBPOENAS, REQUEST FOR ISSUANCE OF PROTECTIVE ORDER, AND AWARD OF COLLIN COUNTY'S ATTORNEY'S FEES in the 429th District Court of Collin County. (C.R. 4; 27-74). Collin County, that same day, filed its MOTION FOR SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE, also in the 429th District Court of Collin County. (C.R. 4; 75-83). A NOTICE OF LIVE HEARING was filed on December 16, 2024, for a live hearing to be conducted on January 30, 2025, in the 429th District Court of Collin County on the Appellees' motions. (C.R. 84-86).

Collin County filed its NOTICE OF SERVICE on December 24, 2024, providing evidence that Appellant had been served with the (1) MOTION TO QUASH SUBPOENAS, REQUEST FOR ISSUANCE OF PROTECTIVE ORDER, AND AWARD OF COLLIN COUNTY'S ATTORNEY'S FEES; (2) SUPPLEMENT TO MOTION TO QUASH SUBPOENAS, REQUEST FOR ISSUANCE OF PROTECTIVE ORDER, AND AWARD OF COLLIN COUNTY'S ATTORNEY'S FEES; (3) MOTION FOR SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE; and (4) NOTICE OF LIVE HEARING . (C.R. 87-93).

A live hearing was held in the Collin County 429th District Court on January 30, 2025. (Reporter's Record, hereinafter "R.R., Volumes 1, 2, and 3; C.R. 5, 94). Although properly noticed, Appellant failed to appear. (R.R., Vol. 2, p. 4-5; C.R. 5, 94, 95). The 429th District Court, after reviewing Appellees' Motions and receiving evidence on attorney's fees, granted the Motions and entered a comprehensive FINAL JUDGMENT, PROTECTIVE ORDER, AND ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE (C.R. 94-99) which detailed the factual and legal basis for its decision, quashed the four subpoenas, issued a limited protective order, and imposed sanctions against Appellant, Counsel Offoboche.

**STATEMENT CONCERNING ORAL ARGUMENT**

Appellees request Oral Argument because it would significantly aid in the decisional process in this case, particularly given Appellant's contortion if not outright misrepresentation about the applicable law and undisputed facts contained in the record. TEX. R. APP. P. 39.1(d).

**ISSUES PRESENTED FOR REVIEW**

1.  Whether any issues related the quashing of the four subpoenas are moot because the trial for which the officers were subpoenaed was continued.

2.  Whether the 429th District Court had jurisdiction to adjudicate the motion to quash, motion for protective order, and motion for sanctions.

3.  Whether the 429th District Court properly applied established legal principles and correctly considered the evidence in entering its PROTECTIVE ORDER, and thus, did not abuse its discretion.

4.  Whether the 429th District Court properly applied established legal principles and correctly considered the evidence in entering its ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE ORDER, and thus, did not abuse its discretion in sanctioning Appellant.

**STATEMENT OF THE FACTS**

Appellees are dissatisfied with Appellant's STATEMENT OF RELEVANT FACTS,[5] and thus, in accordance with TEX. R. APP. 38.2(a)(1)(B), provide their own STATEMENT OF THE FACTS.

The Collin County Sheriff's Office is a law enforcement agency whose functions include the detection, investigation, prevention, and prosecution of crimes. (C.R. 8).[6] The Collin County Sheriff's Office was advised that on October 1, 2018, Aircraft N4346U was taken from the Dallas Air located at 1999 Air Park Lane in Collin County, Texas, without the owner's consent. (C.R. 8;

---

[5] See, APPELLANT'S AMENDED BRIEF, "Statement of Relevant Facts", p. 13-37

[6] See also., https://www.collincountytx.gov/sheriff/Pages/default.aspx

1

R.R. Vol. 2, p. 5). The Sheriff's Office investigated the alleged crime, and then referred the findings of their investigation to the Collin County District Attorney's Office. (C.R. 8; R.R. Vol. 2, p. 5). On September 2, 2021, the matter was submitted to the Collin County Grand Jury and the two persons associated with the investigation were "No Billed". (C.R. 8; R.R. Vol. 2, p. 5). Thus, the criminal investigation did not result in conviction or deferred adjudication. (C.R. 8; R.R. Vol. 2, p. 5).

Appellant Ugalahi Offoboche is counsel for Plaintiffs Edward Brown and Robin Brown in a civil case filed on December 28, 2020, in the 193rd District Court of Dallas under Case No. DC-20-18978 against an Airpark regarding the alleged loss/theft of the Cessna Airplane which was the subject of the Collin County Sheriff's Office's criminal investigation. (C.R. 7, 8; see also, APPELLANT'S AMENDED BRIEF, p. 10).

Beginning in July of 2021, Appellant and/or her clients began submitting Public Information Act requests to the Collin County Sheriff's Office for the entirety of its criminal investigative file/records regarding the stolen aircraft investigation/case, as well as information about Grand Jury referrals, and possible reports to other law enforcement agencies. (C.R. 9-10; 21-26; R.R. Vol. 2, p. 6; Appendix Ex.s 1-4). A request for an Attorney General Opinion was submitted by the Undersigned on behalf of the Collin County Sheriff's Office on July 23, 2021, resulting in the September 29, 2021, Texas Attorney General Opinion OR2021-26079. (C.R. 9; 21; Appendix Ex. 3, p. 2). Such Attorney General Opinion concluded the Sheriff's Office "may withhold the submitted information under section 552.108(a)(1)." (C.R. 21).

The next Public Information Act was on September 14, 2021, when Robin Brown sent an email to the Collin County Sheriff's Office noting that the criminal cases had been "no billed" and she made a new request for the same records. (Appendix Ex. 3, p. 2). This second request was submitted to the Texas Attorney General's Office on September 24, 2021, resulting in Texas

2

Attorney General Opinion OR2021-36193 dated December 17, 2021 (C.R. 10, 22; Appendix Ex. 3, p. 3). Such Attorney General Opinion concluded that the Sheriff's Office "may withhold the submitted information under section 552.108(a)(2)." (C.R, 10, 22; Appendix Ex. 3, p. 3).

Appellant, Counsel Offoboche, herself submitted two Collin County Sheriff's Office OPEN RECORDS REQUEST FORM, one dated May 17, 2022, and one dated May 18, 2022, [they appeared to be the exact same request] relaying that she represents "the reported victim Edward Brown" and that she had an "urgent request" for "certified copies of the incident report and all bodycam video and audio recordings for the incident reported as a Felony Theft $2500/$30,000 on 01/04/2019 along with a certified chain of custody record, a copy of which is attached hereto." (CR. 10; Appendix, Ex. 1, 3, and 3). Undersigned Counsel for Appellees wrote Counsel Offoboche on May 27, 2022, detailing the series of Public Information Act requests and the resulting Texas Attorney General Opinions, requesting Appellant to clarify her requests. (Appendix Ex. 3, p. 1-5). She did, and thus, on June 11, 2022, the Sheriff's Office, submitted to the Texas Attorney General a REQUEST FOR CONSULTATION CONCERNING PRIOR DETERMINATION, AND ALTERNATIVELY, REQUEST FOR ATTORNEY GENERAL DECISION. This resulted in Texas Attorney General Opinion OR2022-25376 dated August 23, 2022. (C.R. 10, 23-24; Appendix Ex. 4). Such Attorney General Opinion concluded that the Sheriff's Office "may withhold the submitted information under section 552.108(a)(2)." (C.R, 10, 23-24; Appendix Ex. 4 ). Appellant was provided with a copy of such Texas Attorney General Opinion on August 27, 2022. (Appendix Ex. 4).

The next Public Information Act request was on August 4, 2022, albeit from a different Requestor - Paralegal Thomie Furber with the law offices of VASSALLO & SALAZAR, P.C. the defense firm in the Dallas County case. Precisely like had done with requests from Appellant and her clients, on August 15, 2022, the Undersigned on behalf of the Sheriff's Office, submitted to the

3

Texas Attorney General a REQUEST FOR CONSULTATION CONCERNING PRIOR DETERMINATION, AND ALTERNATIVELY, REQUEST FOR ATTORNEY GENERAL DECISION. This resulted in Texas Attorney General Opinion OR2022-32789 dated October 24, 2022. (C.R. 10, 25-26). Such Attorney General Opinion concluded that the Sheriff's Office "may withhold the submitted information under section 552.108(a)(2)." (C.R, 10, 25).

Fast forward to the late fall of 2024. Appellant issued and purported to serve four civil subpoenas for Collin County Sheriff's Deputies Joshua Mounger, Mark Watson, Lee McMillan, and former Collin County Chief Deputy Constable Mike Rumfield - the law enforcement officers who were involved in the aircraft criminal investigation - commanding their appearance at trial in the civil lawsuit pending in Dallas County on December 3, 2024. (C.R. 17-20). This resulted in the motion machinations described in the foregoing STATEMENT OF THE CASE and ultimately the 429th District Court's issuance of the FINAL JUDGMENT, PROTECTIVE ORDER, AND ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE.

## SUMMARY OF THE ARGUMENT

Judge Jill Willis, the presiding Judge of Collin County 429th District Court, clearly had jurisdiction to adjudicate the Appellees' MOTION TO QUASH SUBPOENAS, REQUEST FOR ISSUANCE OF PROTECTIVE ORDER, AND AWARD OF COLLIN COUNTY'S ATTORNEY'S FEES; the SUPPLEMENT TO MOTION TO QUASH SUBPOENAS, REQUEST FOR ISSUANCE OF PROTECTIVE ORDER, AND AWARD OF COLLIN COUNTY'S ATTORNEY'S FEES; and the MOTION FOR SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE. Equally clear is that Judge Willis of the 429th District Court of Collin County did not abuse her discretion in rendering its FINAL JUDGMENT, PROTECTIVE ORDER, AND ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE.

As a threshold issue, any challenges to the portion of the 429th's FINAL JUDGMENT quashing the four subpoenas are moot as the trial for which the officers were subpoenaed was continued.

Regarding jurisdiction of the 429th District Court of Collin County, a plain reading of the applicable Texas Rules of Civil Procedure and robust consensus of well-reasoned case law confirms that a District Court in the county where a subpoena is served has jurisdiction to make rulings regarding the subpoenas and issue protective orders. Thus, when a motion for protective order is first filed in the county where the subpoenas were served, that District Court attains predominant and exclusive jurisdiction to adjudicate all issues related to the subpoenas. Here, Appellees' MOTION TO QUASH AND FOR PROTECTIVE ORDER was filed in the 429th District Court of Collin County. Appellant's attempt to subjugate the 429th District Court's authority and jurisdiction by filing a MOTION TO COMPEL in the 193rd District Court of Dallas was wholly improper and sanctionable.

The limited PROTECTIVE ORDER issued by Judge Willis was not a blanket prohibition foreclosing any discovery of information about the Sheriff's Office's criminal investigation. Rather, it is narrowly tailored and carefully crafted to ensure that privileged law enforcement information, as four times previously determined by the Texas Attorney General's Office, is properly requested and reviewed in accordance with procedures mandated by TEX. CIV. PRAC. & REM. CODE Section 30.006 regarding discovery of non-party law enforcement records in a civil action. Similarly, the PROTECTIVE ORDER is designed to protect the officers from ambush subpoenas about privileged information which they likely may not be able to discuss, depending on a ruling under TEX. CIV. PRAC. & REM. CODE Section 30.006. Judge Willis was presented with and reviewed the four prior Texas Attorney General Opinions which had previously expressly concluded that the requested records were privileged under the Law Enforcement provisions of the Texas Public Information Act. These Attorney General Opinions are very significant in light of Texas Supreme Court precedence

5

holding that the "Law Enforcement" provisions of the Texas Public Information Act creates a privilege from discovery in civil litigation. Judge Willis found that the cumulative and intentional conduct on the part of Appellant more than amply supported the issuance of a PROTECTIVE ORDER.

Collin County moved for sanctions against Appellant pursuant to the Court's inherent power to govern the conduct of counsel because Appellant engaged in a series of behavior constituting bad faith abuse of the judicial process and interference with the Collin County 429th District Court's traditional core functions. Appellant sought to subjugate and thwart the 429th District Court's jurisdiction and authority by (1) attempting to serve the Appellees/Officers with new subpoenas when there was a pending Motion To Quash and for Protective Order in the 429th District Court; (2) threatened to have the Appellees/Officers found in contempt of Court in Dallas County before the 429th District Court held any hearing let alone issued any orders; (3) filed a MOTION TO COMPEL against Appellees in the Dallas District Court despite the 429th District Court's jurisdiction over the SUBPOENAS served in Collin County; and (4) was disingenuous and dilatory in her service of her MOTION TO COMPEL upon the Appellees' Counsel. It was the cumulative impact of all these acts and the overall disdain for the judicial process which exemplifies sanctionable conduct by Appellant, Counsel Offoboche

The record readily reveals that Judge Willis' careful consideration of applicable law and undisputed evidence was certainly not arbitrary, unreasonable, or without reference to any guiding rules and principles. Under the facts of this case and viewed through the lens of applicable authority for imposition of protective order and sanctions, Judge Willis did not abuse her discretion in issuing a protective order and also sanctioning the Appellant. The well-reasoned and correct FINAL JUDGMENT, PROTECTIVE ORDER, AND ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE should be affirmed.

6

# ARGUMENT

## I.
## ISSUES RELATED TO QUASHING OF SUBPOENAS ARE MOOT

Mootness deprives a court of subject-matter jurisdiction. *Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100-01 (Tex. 2006) (per curiam); *Nat'l Collegiate Ath. Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *Dominguez v. Dominguez*, 583 S.W.3d 365, 370 (Tex. App.—El Paso 2019, pet. denied)("The mootness doctrine implicates a court's subject matter jurisdiction, and such jurisdiction is essential to a court's power to decide a case."); see also *Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 971 S.W.2d 439, 442 (Tex. 1998)(justiciability doctrines such as ripeness, as well as standing and mootness, lie in prohibiting advisory opinions, which in turn stem from the separation of powers doctrine set forth in Article 2, Section 1 of the Texas Constitution). The El Paso Court of Appeals in *In re KVIA-Channel 7*, 2024 WL 3870391, 2024 Tex. App. LEXIS 5967 (Tex. App.- El Paso Aug. 19, 2024, no pet. h.)(mem. op.), writ denied, 2024 Tex. App. LEXIS 7021 (Tex. App. El Paso Sept. 27, 2024), addressed whether a subpoena was moot because the Grand Jury had expired and the subpoena was thus no longer in effect, succinctly stating "Because the subpoena has expired, there is no longer a justiciable controversy between the parties." *Id*, 2024 Tex. App. LEXIS 5967, at *7.

Here, the subpoenas sought to compel the appearance of the four officers to testify on December 3, 2024, but such trial date was continued (C.R. 31), rendering the subpoenas moot, and correspondingly, ending any justiciable controversy about trial appearance of Appellees. Thus any alleged errors attributed to the portion of the 429th District Court's FINAL JUDGMENT, PROTECTIVE ORDER, AND ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE which quashed the four subpoenas (C.R. 97) are moot.

**II.**
**THE 429ᵀᴴ DISTRICT COURT HAD JURISDICTION TO ADJUDICATE**
**THE MOTION FOR PROTECTIVE ORDER AND THE MOTION FOR SANCTIONS**

The 429ᵗʰ District Court of Collin County clearly had jurisdiction to hear and adjudicate Collin County's MOTION TO QUASH SUBPOENAS, REQUEST FOR ISSUANCE OF PROTECTIVE ORDER, AND AWARD OF COLLIN COUNTY'S ATTORNEY'S FEES, the County's SUPPLEMENT TO MOTION TO QUASH SUBPOENAS, REQUEST FOR ISSUANCE OF PROTECTIVE ORDER, AND AWARD OF COLLIN COUNTY'S ATTORNEY'S FEES, and the County's MOTION FOR SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE. Appellant contorts the Texas Rules of Civil Procedure regarding subpoenas to the point of non-recognition, and her mantra that the 193ʳᵈ District Court of Dallas somehow had "exclusive jurisdiction" over trial subpoenas[7] is readily rebuked by a plain reading of the applicable rules of civil procedure and robust consensus of well-reasoned authority.

**1.     Applicable Texas Rules of Civil Procedure regarding Subpoenas**

Like an ostrich that buries its head in the sand to hide from obvious dangers, Appellant's myopic focus is on TEX. R. CIV. P. 176.6(a), 176.6(f), and 176.7, while completely ignoring the plain language of other - and more specific - provisions contained in Rules 176.6(e) and 176.8 clearly providing <u>dual</u> District Court jurisdiction to adjudicate Motions to Quash and for Protective Orders. APPELLANT'S AMENDED BRIEF continually chastises the Appellees' and 429ᵗʰ District Court's reliance upon Rule 176.6(e),[8] yet Appellant <u>never</u> even recites what rule 176.6(e) actually says, pretending as if such section does not exist. But it does - and is dispositive.

---

[7] See, i.e. APPELLANT'S AMENDED BRIEF, p. 37, 48

[8] See, i.e., APPELLANT'S AMENDED BRIEF, p. 16, 17, 20, 27, 28, 34, 42, 50, 61, 74

8

TEXAS RULES OF CIVIL PROCEDURE Rule 176.6(e) entitled "Protective Orders" provides that:

> **A person commanded to appear at a** deposition, hearing, or **trial** or to produce and permit inspection and copying of designated documents and things, and any person affected by the subpoena, **may move for a protective order under Rule 192.6(b)** - before the time specified for compliance - either in the court in which the action is pending **or in a district court where the subpoena was served**. The person must serve the motion on all parties in accordance with Rule 21a. **A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court**. **The party requesting the subpoena may seek such an order at any time after the motion for protection is filed**.

TEX. R. CIV. P. 176.6(e)(emphasis added).

Rule 176.8, entitled "Enforcement Of Subpoena" provides as follows:

> (a) *Contempt*. Failure by any person without adequate excuse to obey a subpoena served upon that person **may be deemed a contempt of court** from which the subpoena is issued **or a district court in the county in which the subpoena is served**, and may be punished by fine or confinement, or both.

> TEX. RULE CIV. P. 176.8(a) (emphasis added).

TEXAS RULES OF CIVIL PROCEDURE Rule 192.6(b) [referenced in Rule 176.6] entitled "Protective Orders" provides, in part, that "to protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights, the court may make any order in the interest of justice . . . " then lists a variety of possible relief which may be granted. The clear language in both Rule 176.6(e) and 176.8 necessarily means that the District court where the Motion for Protective Order is filed has jurisdiction to conduct a hearing on same.

Appellant puts great emphasis on the term "trial subpoena" contained in TEX. R. CIV. P. 176.6(f),[9] and goes so far to argue that "Trial Subpoenas are treated differently from discovery subpoenas under Rule 176"[10], and even further, that "Trial Subpoenas" are somehow excluded from

---

[9]The word "trial subpoena(s)" appears no less than 108 times in APPELLANT'S AMENDED BRIEF

[10]APPELLANT'S AMENDED BRIEF, p. 39

the mandatory procedure of Tex. Civ. Prac. & Rem. Code §30.006.[11] Appellant is simply incorrect. Rule 176.6(f), entitled "Trial Subpoenas" is in addition to and cumulative of other more specific rules - and is discretionary and does not mandate filing of a protective order in the court where the case is pending, merely providing:

> "A person commanded to attend and give testimony, or to produce documents or things, at a hearing or a trial, **may** object or move for protective order before **the court** at the time and place specified for compliance, rather than under paragraphs (d) and (e).

TEX. RULE CIV. P. 176.6(f)(emphasis added).

The discretionary "may" and generic "the court" contained in Rule 176.6(f), on its face, rebuff Appellant's attempt to improperly engraft restrictions on such rule which plainly do not exist. If the Texas Legislature had wanted such a very specific filing situs requirement for protective orders regarding "trial subpoenas" as opposed to any other "subpoena", i.e., only in the court where the action is pending, the Legislature could have easily drafted the rule(s) of procedure accordingly. They did not. Basic rules of statutory construction compel rejection of Appellant's facially flawed interpretation of Rule 176.6(f).

Appellant's pointing to *Medlin v. King*, 705 S.W.3d 267, 280 (Tex. App.—El Paso 2024, pet. denied),[12] and elections contest case, is likewise skewed - and incorrect. Appellant avers that *Medlin* stands for the proposition that there is a significant legal difference between a discovery subpoena and a trial subpoena, writing in her brief to this Court:

> The word "subpoena" being synonymous with Order in Black's Law Dictionary, and the fact that a case set for jury trial can only have one trial court, the word "may" in rule 176.6(f) which is specifically entitled "Trial Subpoena" authorizes the option to object or move for a protective order before the issuing court, but does not mean that

---

[11]APPELLANT'S AMENDED BRIEF, p. 57

[12]cited in APPELLANT'S AMENDED BRIEF, p. 40, 41

10

the objection or move for protective order may be filed at some other court as that would interfere with the trial court's ability to control the trial docket and command the attendance of witnesses especially in a case that is set for jury trial. *See generally*, *Medlin v. King*, 705 S.W. 3d 267, ____ (**noting the difference between the requirements of discovery subpoena under Rule 176.3(b) not being applicable to trial subpoena**);[13]

Appellant's citation to a specific page in *Medlin* for this purported finding is notably missing. But even a cursory review of *Medlin* readily rebukes Appellant's contortion of the case. The term "discovery subpoena" does not appear anywhere in *Medlin* and use of the term "trial subpoena" is simply when discussing what was served by Election Contestants upon the responding Contestees. See, i.e., *Medlin*, id at 279, 296-298. Moreover, Rule 176.3(b) is merely mentioned once in passing, *Medlin*, 705 S.W.3d at 285, and there is no discussion - nor certainly any holding - that discovery subpoenas are somehow treated differently from trial subpoenas. See, generally, *Medlin*.

Likewise, Appellant's citation to *In re J.M.*[14] is unavailing, to the point that Appellant's representations to this Court about the purported holding in such case border on frivolous. Appellant cites *In re J.M.* for the same flawed proposition [the "difference between the requirements of a discovery subpoena under Rule 176.3(b) not being applicable to a trial subpoena"] and puts quotation marks as if to suggest that certain findings are actually contained in the *In re J.M.* opinion:

> see, *In re J.M.*, No. 14-24-00478-CV (Tex. App.—Houston [14th Dist.] 2024, opinion delivered October 15, 2024) (quoting Black's Law Dictionary that subpoenas are court orders **and finding that it is only discovery subpoena and not trial subpoena that is limited "to an extent, in a manner or at a time other than as provided by the rules governing discovery" citing Tex. R. Civ. P. Rule 176.3(b)).**[15]

---

[13]APPELLANT'S AMENDED BRIEF, p. 41 (missing page citation in original; emphasis added)

[14]cited in APPELLANT'S AMENDED BRIEF, p. 41

[15]See, APPELLANT'S AMENDED BRIEF, p. 41 (emphasis added)

Appellant repeats this claim about the purported holding of *In re J.M.* again in her brief:

> In both rules, compliance is required on behalf of the party, here the Browns, and responsibility is imposed on the party, and not on the attorney for the party. *Id.* Thus, by entering "a protective order and award of sanctions against appellant" as "the attorney who issued the four subpoenas"27 instead of the party causing the subpoena to issue, the 429th exceeded her protective order authority under Rule 176.6(f) and 176.7 by quashing the 193rd Court's trial subpoenas, which are court orders. *In re J.M.*, No. 14-24-00478-CV (Tex. App.—Houston [14th Dist.] 2024, opinion delivered October 15, 2024) (identifying subpoenas as court orders per Black's Law Dictionary28 and **citing Rule 176.3(b) TRCP for the proposition that only discovery subpoenas and limited by the need for compliance with the rules governing discovery).**[16]

There is nothing in *In re J.M.* remotely similar to Appellant's representation about this case.[17]

*In re J.M.,* 699 S.W.3d 685 (Tex. App. - Houston [14th Dist.] Oct. 15, 2024, no pet.) involved juvenile certification and the failure of the juvenile court to obtain jurisdiction over the minor because of defects in service of the summons and petition. *Id*, at 687. There is literally no discussion at all about any of the propositions advance by Appellant. In fact, the terms "trial subpoena", "discovery subpoena" and "Tex. R. Civ. P. 176.3(b)" appear <u>nowhere</u> in the entire case. See, generally, *In re J.M., id.* The only mention of the word "subpoena" is used to describe the "JUVENILE SUBPOENA" which is equivalent to a summons for service of the petition. *Id*, at 687, 688, 689.

Simply put, there is nothing in Tex. Rule Civ. P. 176.6(f) which mandates filing a Motion For Protective Order regarding a "trial subpoena" solely in the District Court in the county where the civil case is pending. In fact, the very rule regarding "trial subpoenas" [Tex. R. Civ. P. 176.6(f)] uses the discretionary word "may", which is particularly important given the unequivocal language

---

[16]See, Appellant's Amended Brief, p. 46 (emphasis added)

[17]It would almost appear that some type AI generated briefing resulted in the citation to the *In re J.M.* case for a statement of law that simply does not appear anywhere in it. If not deceptively AI generated, then Appellant's representations to this Court about the *In re J.M.* case - and the law in general - should be seriously questioned.

in the preceding rule [TEX. R. CIV. P. 176.6(e)] that a subpoena for "trial" may be filed "either in the court in which the action is pending or in a district court where the subpoena was served".  See, TEX. R. CIV. P. 176.6(e).  This dual jurisdiction of different county District Courts to adjudicate subpoenas is reiterated in the contempt provision which likewise provides that a person may be deemed in contempt of the "court from which the subpoena is issued or a district court in the county in which the subpoena is served." See. TEX. RULE CIV. P. 176.8(a).

### 2. Clearly established case law regarding dominant jurisdiction of a Court when resolving non-party Motion for Protective Orders

In *Latham v. Thornton*, 806 S.W.2d 347, 350 (Tex.App.--Fort Worth 1991, orig. proceeding) the Fort Worth Court of Appeals unequivocally confirmed that the first-filed motion for protective order [and resulting court's order] controls over the second-filed motion to compel presented in a different District court in another county where the underlying civil litigation was already pending. In *Latham*, the non-party, the Securities Commissioner of Texas, [Richard D. Latham] who lived in Austin, was previously subpoenaed to produce his law enforcement file and private registration file in a civil action alleging securities fraud pending in Wichita Falls County. *Id* at 348. The Fort Worth Court of Appeals, in a prior decision, held that the subpoena was null and void. *Id*, (citing *Texas Attorney General's Office v. Adams*, 793 S.W.2d 771 (Tex. App.--Fort Worth 1990, no writ). Several months later, the defendants in the securities fraud case again subpoenaed Latham. *Id*. Latham filed a motion for protective order in Travis County.  Before the hearing could be held in Travis County, defendants filed a motion to compel in Wichita Falls County. *Id*.  The hearing in the second court [Wichita Falls] then proceeded before any hearing in the first court [Travis].  The Fort Worth Court held,

13

the Austin court having first issued its protective order determining that the subject matter of the deposition and the subpoena duces tecum were not discoverable, the defendants lacked standing to collaterally attack or overturn that court's decision in another district court.

*Latham*, 806 S.W.2d at 349 (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)(per curiam)).

Similarly, in *In re Reed*, 2007 WL 4440901, 2007 Tex. App. - LEXIS 9847 (Tex. App. Waco Dec. 19, 2007, orig. proceeding), the Waco Court of Appeals addressed which court was required to cede to the other - finding that the court where the Motion for Protective Order was first filed has dominant jurisdiction. The Court of Appeals described the procedural posture of the case as follows:

> The 40th District Court of Ellis County ordered the records of the arrest of G. H. expunged after G. H.'s acquittal of theft charges in Ellis County. G. H. has now filed a civil suit for malicious prosecution in the 413th District Court against the complainant in the theft case. G. H. served Reed in Ellis County with a subpoena duces tecum to produce the expunged records. Reed filed a motion for protection from the subpoena in the 40th District Court. Reed also filed, in the 413th District Court, a plea in abatement. Respondent overruled Reed's plea, and signed the order from which Reed seeks relief.

The Waco Court of Appeals recited to and relied upon TEX. R. CIV. P. 176.6)(e). *Id* at 2-3. The Court then held the motion for protection in the first-filed court controlled, citing *Latham* for the proposition that "The court in which an action is pending must "dismiss its actions and accede to the protective order" of the court in which a motion for protection is filed." *Id* at 3. In granting the requested Mandamus relief, the Court, in no uncertain terms, held "Respondent [Judge of the 113th District Court of Johnson County] abused his discretion in ordering Reed to comply with G. H.'s subpoena in spite of Reed's motion for protection from that subpoena pending in the 40th District Court. We sustain Reed's first and second issues." *Id* at 4.

This same rule of law was reiterated by the San Antonio Court of Appeals in *In re Sims*, 88 S.W.3d 297, 303 (Tex. App.—San Antonio 2002, orig. proceeding) when it held "Where two actions

14

involving the same subject matter are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction should retain such jurisdiction, undisturbed by the interference of another court, and dispose of the controversy." Finally, and more generically, the Houston Court of Appeals decision in *In RE. Seitel, Inc.*, 2004 WL 2438854, 2004 Tex. App. LEXIS 9690, at*2 (Tex. App. - Houston [14th Dist.], Nov 2, 2004) discusses that underlying suit was pending in Galveston County but Motion to Quash/Protective order was filed and heard in Harris County, the county where the subpoena was served.

3.     **Appellant's consternation about whether subpoenas were or were not properly served is irrelevant to core issue of 429th District Court's jurisdiction to adjudicate Motion for Protective Order and Motion For Sanctions**

Appellant decries that "The 429th assumed jurisdiction based on a false assertion of improper service of subpoenas even though there is unrebutted prima facie evidence to support a presumption of proper service on the record."[18] Whether the subpoenas were or were not properly served is wholly irrelevant to the issue of the 429th District Court's jurisdiction. The 429th District Court did not make findings about propriety of the service of subpoenas [nor did it need to because by the time of the January 30, 2025, hearing, the 193rd trial setting had been continued (C.R. 31), making them moot]. The 429th District Court's findings discussed Appellant's role in issuing the subpoenas and that Collin County is where same were served. (C.R. 95). Appellant vociferously argues that the subpoenas were properly served - and undeniably served in Collin County, going so far as to label any argument to the contrary as "lies."[19] These two core operative facts underscore that the 429th District Court had dominant and exclusive jurisdiction to adjudicate Appellees' requested relief.

_____

[18]See, APPELLANT'S AMENDED BRIEF, headnote (B)(ii), p. 43

[19]See, APPELLANT'S AMENDED BRIEF, p. 16 ("Davis lied to the 429th Court that service was not proper. . .")

15

**III.**
**THE 429ᵀᴴ DISTRICT COURT CORRECTLY ISSUED A PROTECTIVE ORDER**

The Collin County District 429th District Court did not abuse its discretion in issuing a limited protective order.

### 1.     Limited PROTECTIVE ORDER issued by 429th District Court

As a starting point, the 429th District Court's PROTECTIVE ORDER is not a blanket prohibition foreclosing any discovery about information regarding the Sheriff's Office's criminal investigation. Rather, it is narrowly tailored and carefully crafted to ensure that Appellant complies with the procedures set out in TEXAS CIVIL PRACTICE & REMEDIES CODE Section 30.006 [i.e. motion, hearing, and in-camera inspection] and does not thwart the already determined privileges attached to the Sheriff's Office's investigative information/records. Similarly it protects the officers from ambush subpoenas about privileged investigation information which they may likely be unable to discuss, again depending on a ruling under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 30.006(d).

Specifically, the PROTECTIVE ORDER provides:

(1)     Any testimony related to and/or records governed by TEXAS CIVIL PRACTICE & REMEDIES CODE Section 30.006(c) in the possession of Collin County shall not be sought by any party nor the attendance of any Collin County employees be requested and/or subpoenaed without first obtaining, after at least ten (10) business day notice and then hearing and in-camera inspection, an order from this Court authorizing same, in accordance with TEXAS CIVIL PRACTICE & REMEDIES CODE Section 30.006(d). (C.R. 97).

(2)     No SUBPOENAS may be requested and/or served upon Collin County Sheriff's Deputies Joshua Mounger, Mark Watson, Lee McMillan, and former Collin County Chief Deputy Constable Mike Rumfield for their personal appearance in the case in the 193rd District Court of Dallas County styled *Brown v. Crow-Billingsley Airpark, Ltd, et. al.* Case No. DC-20-18978, without first obtaining, after at least ten (10) business day notice and then hearing, an order from this Court authorizing any such requested SUBPOENA. (C.R.97).

16

**2. Abuse of Discretion Standard**

An appellate court reviews a trial court's protective order for an abuse of discretion. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009); *A-Rent Test Equip., LLC v. Shermco Indus.*, 2024 WL 339377, 2024 Tex. App. LEXIS 603, at * (Tex. App. - Dallas Jan. 30, 2024, no pet.). A trial court abuses its discretion by limiting discovery in the absence of some evidence supporting the request for a protective order. *Buholtz v. Gibbs*, No. 05-1800957-CV, 2019 Tex. App. LEXIS 7469, 2019 WL 3940973, at *5 (Tex. App.—Dallas Aug. 21, 2019, pet. denied) (mem. op.).

**3. Four Texas Attorney General Opinions and express findings of privilege**

There have been at least four Public Information Act requests for same law enforcement records - all of which have resulted in the Texas Attorney General concluding that the Collin County Sheriff's Office records are not subject to public release, as follows:

* A request for an Attorney General decision was submitted by the Collin County Sheriff's Office on July 23, 2021. The Texas Attorney General's Office on September 29, 2021, issued its Texas Attorney General Memorandum Opinion OR2021-26709, concluding that the Sheriff's Office "may withhold the submitted information under section 552.108(a)(1)." (C.R. 9, 21);

* A request for an Attorney General decision was submitted by the Collin County Sheriff's Office on September 24, 2021. The Texas Attorney General's Office on December 17, 2021, issued its Texas Attorney General Memorandum Opinion OR2021-36193, concluding that the Sheriff's Office "may withhold the submitted information under section 552.108(a)(2)." (C.R. 10, 22);

* A request for an Attorney General decision was submitted by the Collin County Sheriff's Office on June 11, 2022. The Texas Attorney General's Office on August 23, 2022, issued its Texas Attorney General Memorandum Opinion OR2022-25376, concluding that the Sheriff's Office "may withhold the submitted information under section 552.108(a)(2)." (C.R. 10, 23-24);

17

* A request for an Attorney General decision was submitted by the Collin County Sheriff's Office on . The Texas Attorney General's Office on October 24, 2022, issued its Texas Attorney General Memorandum Opinion OR2022-32789, concluding that the Sheriff's Office "may withhold the submitted information under section 552.108(a)(2)." (C.R. 10, 25-26).

Section 552.108(a)(2) of the Texas Public Information Act, consistently cited by the Texas Attorney General's Office above as the basis for withholding the record, (C.R. 22, 24, 25), excepts from disclosure "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime . . . if . . . it is information that deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication." See, TEX. GOV. CODE §552.108(a)(2).

### A. Texas Supreme Court precedence holds Texas Public Information Act "Law Enforcement" provision creates privilege from civil discovery

These findings by the Texas Attorney General's Office about public release of Collin County Sheriff's Office's law enforcement investigation records are very important - and dispositive - as they provided the 429th District Court with a legal and factual basis to conclude that the information sought by Appellant was indeed privileged. The Texas Supreme Court in *Hobson v. Moore*, 734 S.W.2d 340, 341 (Tex. 1987), expressly held that ""In regards to the law enforcement exception, the Texas Supreme Court has used the Public Information Act as guidance when law enforcement records are requested during discovery in a civil proceeding and recognized that the exceptions in the Act create a privilege from discovery in civil litigation." Simply put, these Texas Attorney General findings, as held by the Texas Supreme Court, render the requested law enforcement records/information privileged/exempt from public disclosure. (C.R. 22, 24, 25).

The 429th District Court could, and did, properly evaluate and rely upon the Attorney General Opinions to support the its finding that:

18

The evidence confirmed there have been four Public Information Act requests for the Collin County law enforcement records about which the Movants were subpoenaed to testify about, all of which resulted in the Texas Attorney General concluding that the Collin County law enforcement records are not subject to public release, and thus, privileged. (C.R. 95).

**B.     Appellant fundamentally misunderstands the term "basic information" and does not appreciate its inapplicability herein**

Appellant constantly quibbles that in two of the four Texas Attorney General Opinions it was noted that "basic information" was to be provided.[20] This does nothing to strip the law enforcement privilege from the Sheriff's Office investigative records and/or testimony about same presumably sought to be elicited from the officers at trial. Appellant fundamentally misunderstands what is meant by the term "basic information" in the context of a Public Information Act request and resulting Attorney General opinions, particularly in light of case law more narrowly defining and applying such term, underscoring its inapplicability herein.

This Court, in *City of Carrollton v. Paxton*, 490 S.W.3d 187, 197-200 (Tex. App.-Austin 2016, pet. denied), discussed the genesis of the term "basic information" [as used in §552.018(c) of the Public Information Act] as analyzed in the landmark case of *Houston Chronicle Publishing Co. v. City of Houston,* 531 S.W.2d 177, 187 (Tex. App.—Houston [14th Dist.] 1975), writ ref'd n.r.e., 536 S.W.2d 559 (Tex. 1976) (per curiam). Important from *City of Carrollton* analysis is that,

> A further implication of Subsection (c)'s wording is that **there can be no "basic information" subject to disclosure under that provision unless there has been "an arrest" or "a crime."** These limitations would require, in the very least, some sort of determination by law enforcement that a crime has actually occurred, if not also an arrest made, similar to the circumstances addressed in *Houston Chronicle*.
>
> *Id* at 201. (emphasis added).

---

[20]See, APPELLANT'S AMENDED BRIEF, p. 11, 14, 16, 17, 19, 21, 22, 34, 49, 54

19

Continuing, this Court wrote:

> Under Subsection (c) as written, there is simply no support for extending that provision's disclosure requirement to "basic information" that is not "about an arrested person, an arrest, or a crime" as the Attorney General would have us do. If Subsection (c) should apply more expansively, that change must come from the Legislature through statutory amendment. Courts must instead "take statutes as they find them."

*Id* at 202.

Appellant's argument about the significance of the "basic information" comment in two of the Attorney General opinions is further rejected by this Court's holding in *Paxton v. Escamilla*, 590 S.W.3d 617, (Tex. App.—Austin 2019, pet. denied), which interprets and applies the Public Information Act's law-enforcement exception. In *Escamilla*, this Court discussed §552.108(a)(2) of the Texas Public Information Act which provides that information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime is excepted from [disclosure] if "(2) it is information that deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication. As this Court wrote:

> In other words, when a criminal investigation has "resulted in" something other than a conviction or deferred adjudication, the records in relation to that investigation are excepted from disclosure. *See id.*

*Escamilla, id* at 621-622.

Here, the investigation of the alleged "stolen" airplane did not result in a conviction or deferred adjudication. Thus, all of information [even "basic information" - which would only apply had a crime been committed/arrest made], is privileged. The officers were thus precluded from providing information, whether through records or testimony, about their criminal investigation(s), until and unless procedures of TEX. CIV. PRAC. & REM. CODE Chapter 30 had been satisfied.

20

4.     **TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 30.006**

TEXAS CIVIL PRACTICE & REMEDIES CODE Section 30.006(c), entitled "Certain Law Enforcement Agency Records Not Subject to Discovery", expressly provides that:

(c)     Except as provided by Subsection (d), a court in a civil action may not order discovery from a nonparty law enforcement agency of information, records, documents, evidentiary materials, and tangible things if:

(1)     the **information, records, documents, evidentiary materials**, or tangible things **deal with**:

(A)  the detection, investigation, or prosecution of crime; or

(B) an **investigation by the nonparty law enforcement agency that does not result in conviction or deferred adjudication**; and

(2)  the release of the information, records, documents, evidentiary materials, or tangible things would interfere with the detection, investigation, or prosecution of criminal acts.

TEX. CIV. PRAC. & REM. CODE Section 30.006(c)(emphasis added).  Information about Collin County's law enforcement records which Appellant sought falls squarely within this statute. As detailed herein, the Attorney General has on at least four occasions concluded that the Sheriff's Office's law enforcement records are not subject to public release pursuant to §552.108(a)(2) of the Public Information Act which tracks nearly verbatim language of Section 30.006(c)(1)(b)("an investigation by the nonparty law enforcement agency that does not result in conviction or deferred adjudication.").   Equally important is that there was not a motion, notice of hearing, nor certainly any order from any Court authorizing release of information about the criminal investigation which Appellant sought [albeit through witness testimony as opposed to production of documents] through improper use of a SUBPOENA. See, TEX. CIV. PRAC. & REM. CODE §30.006(d)(requiring motion, in-camera inspection by a Court, then order <u>before</u> discovery is allowed from nonparty law enforcement agency for records dealing with detection, investigation, and prosecution of crime).

21

Appellant sweepingly headnotes that "The procedures under Tex. Civ. Prac. & Rem. Code §30.006 do not apply to trial subpoena."[21] Appellant offers no legal authority or cogent discussion for this untenable proposition. Under Appellant's approach, a party seeking protected/privileged law enforcement information could just ignore the explicit requirements of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 30.006 and multiple clear Texas Attorney General Opinions, wait until the eve of a civil trial, then issue a putative "trial subpoena", thereby thwarting the procedural safeguards provided for civil discovery of law enforcement records. Appellant's ploy would eviscerate both the Texas Public Information Act and TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 30.006 and effectively render such statutes meaningless. Recall, too, that TEX. R. CIV. P. 176.3(b) specifically provides that a subpoena "may not be used for discovery to an extent, in a manner, or at a time other than as provided by the rules governing discovery," yet this is precisely what Appellant proposes under her ambush "trial subpoena" theory. This is not the law nor should it be.

Appellant also attempts to incorrectly switch the burden under TEX. CIV. PRAC. & REM CODE Section 30.006, suggesting that it was somehow Appellees' obligation to bring the law enforcement records to the protective order hearing for an in-camera review by the 429th District Court.[22] Appellant has it completely backwards. It is only "on a motion of a party" that the procedures for possible discovery of law enforcement records are commenced. TEX. CIV. PRAC. & REM CODE Section 30.006(d). Simply put, without a filed motion, " a court in a civil action may not order discovery from a nonparty law enforcement agency . . ." TEX. CIV. PRAC. & REM CODE §30.006(c). Appellant, not Appellees, had the burden to overcome the law enforcement privilege which had been determined on four separate occasions by the Texas Attorney General's Office.

---

[21]See, APPELLANT'S AMENDED BRIEF, p. 57

[22]See, i.e., APPELLANT'S AMENDED BRIEF, p. 20, fn. 6, 33, 51, 52. 56, 58, 60

**5. More than ample evidence and law supports the 429th District Court's PROTECTIVE ORDER**

Appellant bemoans that "There is insufficient evidence on the record to support the finding of undue burden, expense, and harassment."[23] Such argument misconstrues - and mostly ignores - the ample factual and compelling legal basis for which the PROTECTIVE ORDER was issued.

As discussed above, one of the primary purposes of the PROTECTIVE ORDER was to ensure that privileged information about the Sheriff's Office's criminal investigation was properly obtained, if it could be, through the procedures set out in TEXAS CIVIL PRACTICE & REMEDIES CODE §30.006. Appellant does not, because she cannot, represent that she ever filed any motion to seek the requested information, a threshold requirement under TEX. CIV. PRAC. & REM. CODE §30.006(d). Her contention that it was somehow the Sheriff's Office's burden to tender the Sheriff's Office's records for an in-camera inspection is also incorrect. It is beyond cavil that the person(s) seeking the information must first file a motion. See, TEX. CIV. PRAC. & REM. CODE §30.006.(d). It was not the Appellees' obligation to bring any of the requested law enforcement investigative records to the 429th District Court for any type review as part of their Motion(s), particularly since four Attorney General Opinions already determined that the information/records were confidential.

Regarding undue burden, expense, and harassment of Collin County and its law enforcement officers, Appellant's issuance of four subpoenas, instead of perhaps just one to the primary investigating officer who may have the most direct and relevant information, evidences the harassment and unduly burdensome nature of Appellant's tactics. Appellant chides that "Officers' duties typically include testifying at court about crime, the arrest and the arrested person in a matter that they investigated which is the basic information ordered to be released by the attorney general's

---

[23]See, APPELLANT'S AMENDED BRIEF, p. 60

23

opinion pursuant to Tex. Gov. Code Section 552.108(c)"[24] Here, there was no crime committed nor anyone arrested, so the tradition functions of peace officers in criminal cases does not apply at all. Also, as discussed above, the assertion about "basic information" again reveals Appellant's fundamental misunderstanding of such term and its inapplicability herein. Moreover, this approach evidences the failure of Appellant to take any efforts to minimize disruption and costs to the Sheriff's Office; she would have four officers at the taxpayers expense sit and wait in the hallway of a Dallas County courtroom while the case went to trial, taking the Officers away from their law enforcement duties in Collin County and essentially serving as taxpayer-funded witnesses in a civil case to possibly testify about a situation where no crime was committed. Recall, too, that the lawsuit had been pending for years and Appellant did not take any legitimate efforts to obtain information about the Sheriff's Office's investigation except improper Public Information Act requests, and according to Appellant, other subpoenas for trial setting that did not take place.[25] There are a plethora of ways to obtain non-party discovery but Appellant utilized none of them with respect to the information she sought about the Collin County Sheriff's Office criminal investigation information. Appellant's apathy in obtaining pre-trial discovery is one more example of her failure to minimize cost and disruption to Appellees.

The 429th District Court had before it much more than ample evidence that Appellant was indeed and consistently doing those very things. This included:

* The Four Texas Attorney General opinions which had already concluded that investigative information was privileged. (C.R.21-26);

* The absence of any motion filed under TEX. CIV. PRAC. & REM. CODE §30.006(d); (C.R. 4-6);

---

[24]APPELLANT'S AMENDED BRIEF, p. 21, fn. 7

[25]See, i.e, APPELLANT'S AMENDED BRIEF, p. 23

24

\*      Emails from Appellant threatening contempt if the officers did not appear the Monday after Thanksgiving for a civil trial (C.R. 33-41) - when there was a pending Motion For Protective Order. (C.R. 7-26);[26]

\*      The "PLAINTIFFS' RULE 176.8 MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENA AND ORDER ATTENDANCE OF WITNESSES SUBPOENAED TO TESTIFY AT TRIAL" which had been improperly filed in the 193rd District Court. (C.R. 42-74);

\*      Emails regarding Appellant's candor, or lack thereof, concerning service of documents, particularly when the 429th District Court had the e-service documents before it. (C.R. 33-41).

\*      The failure of Appellant to respond at all to Appellees' motions. (C.R.4-6, 95; R.R. Volume 2, p. 8);

\*      The failure, or more precisely refusal, of Appellant to appear at scheduled hearing (C.R. 95; R. R. Volume 2, p. 4-5).

The Collin County 429th District Court found this cumulative and intentional conduct on Appellant's part - supported by the evidence - to be problematic, as reflected in the detailed pertinent findings regarding same. (C.R. 95-97). The 429th District Court's determinations were not merely based on "argument of counsel" as Appellant portrays,[27] but rather, on significant unchallenged evidence and clear law more than supporting all of the 429th District Court's findings.

It cannot go without mention that Appellant tardily begrudges the 429th District Court's findings, made after a duly noticed live hearing, but Appellant did not bother to even respond the Motions or appear for the hearing,[28] laying in wait to post-decision deride the Court's rulings. Appellant's tactics are too little, too late.

---

[26]Ironically, Appellant downplays the evidentiary significance of Appellees' counsel's emails, [see, APPELLANT'S AMENDED BRIEF, p. 15, fn. 3, citing C.R. 33-30, and p. 71 ("counsel's self-serving emails')], but then wants her emails to have full force, [see, APPELLANT'S AMENDED BRIEF, p. 13, citing her emails at C.R. 37]. This is the classic "*what is good for the goose is good for the gander*" - Appellant cannot have it both ways; if her emails are some evidence before the court, then so too are the emails tendered by Appellees.

[27]See, APPELLANT'S AMENDED BRIEF, p. 51, 55, 56, 62, 71

[28]Failing to appear is perhaps too generous a description. The tenor of Appellant's email to the Court Coordinator and undersigned was that she was refusing to appear. See, R.R. Volume 2, p. 4, lines 15-24

**IV.**
**THE 429ᵗʰ DISTRICT COURT CORRECTLY IMPOSED SANCTIONS**

Collin County sought sanctions against the Appellant for a variety of factual and legal reasons pursuant to the District Court's inherent power to govern conduct of counsel. (C.R. 75-83). These grounds are simple and straightforward: Counsel Offoboche engaged in a series of behavior constituting bad faith abuse of the judicial process and interference with the 429ᵗʰ District Court's traditional core functions. She sought to subjugate and thwart the 429ᵗʰ District Court's jurisdiction and authority over Appellees' MOTION TO QUASH SUBPOENAS, REQUEST FOR ISSUANCE OF PROTECTIVE ORDER, AND AWARD OF COLLIN COUNTY'S ATTORNEY'S FEES and the Appellees' SUPPLEMENT TO MOTION TO QUASH SUBPOENAS, REQUEST FOR ISSUANCE OF PROTECTIVE ORDER, AND AWARD OF COLLIN COUNTY'S ATTORNEY'S FEES by (1) attempting to serve the Appellees/Officers with new subpoenas when there was a pending Motion To Quash and for Protective Order in the 429ᵗʰ District Court; (2) threatened to have the Appellees/Officers found in contempt of Court in Dallas County <u>before</u> the 429ᵗʰ District Court held any hearing let alone issued any orders; (3) filed a MOTION TO COMPEL against Appellees in the Dallas District Court despite the 429ᵗʰ District Court's jurisdiction over the SUBPOENAS served in Collin County; and (4) was disingenuous and dilatory in her service of her MOTION TO COMPEL upon the Appellees' Counsel. It was the cumulative impact of all these acts and the overall disdain for the judicial process which exemplifies sanctionable conduct by Appellant, Counsel Offoboche.

### 1. Sanctions under Court's Inherent Power

A District Court has the inherent power to control the conduct of litigants appearing before it and award sanctions to Collin County. See, *In Re H.M.S.*, 349 S.W.3d 250 (Tex. App. - - Dallas

2011, review denied). Specifically, a trial judge has certain inherent power derived "from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." *Dallas Cnty. Constable Precinct 5 v. KingVision Pay–Per–View, Ltd.*, 219 S.W.3d 602, 610 (Tex.App.- Dallas 2007, no pet.)(quoting *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex.1996)(orig. proceeding)). A judge may call upon their inherent powers "to aid in the exercise of [the court's] jurisdiction, in the administration of justice, and in the preservation of [the court's] independence and integrity." *Id.* (quoting *Travelers Indem.*, 923 S.W.2d at 594). The trial judge also has inherent power to sanction to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the court's administration of its core functions, including hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, rendering final judgment, and enforcing its judgments. *Id.*; *Union Carbide Corp. v. Martin*, 349 S.W.3d 137, 147 (Tex.App.-Dallas 2011, no pet.); *Kennedy v. Kennedy*, 125 S.W.3d 14, 19 (Tex.App.-Austin 2002, pet. denied).

### 2.   Entire case history evaluated

The District Court and this Court is authorized to review the entire history of the case when determining whether sanctions are warranted. *Falk & Mayfield v. Molzan*, 974 S.W.2d 821, 825 (Tex. App. - - Houston [14th Dist.] 1998, pet. denied.). This would necessarily include the filings in the 429th District Court of Collin County and the 193rd District Court of Dallas County.

### 3.   Abuse of Discretion review

The Trial Court's imposition of sanctions is reviewed by the appellate court under an abuse of discretion standard. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 2004); *DGF Holdings, Ltd.*

*v. Air Clinic Air Conditioning & Heating, Inc.*, 2025 WL 1558886, 2025 Tex. App. LEXIS 3759, at*5 (Tex. App. - Dallas, June 2, 2025)(Mem. Opinion on Rehearing). Specifically, a reviewing Court will set aside that decision only upon a showing of a clear abuse of discretion. *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989). The test for an abuse of discretion is whether the Trial Court acted arbitrarily or unreasonably and without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). In other words, a Court of Appeals can find an abuse of discretion only if the Trial Court acts in an arbitrary or capricious manner without reference to any guiding rules or principles. *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.); see also, *DGF Holdings, Ltd. v. Air Clinic Air Conditioning & Heating, Inc.*, 2025 WL 1558886, 2025 Tex. App. LEXIS 3759, at *5 (Tex. App. - Dallas, June 2, 2025)(Mem. Opinion on Rehearing); *Cooper v. McNulty*, No. 05-15-00801-CV, 2016 WL 6093999, 2016 Tex. App. LEXIS 11333, at *7 (Tex. App.—Dallas Oct. 19, 2016, no pet.)(mem. op.). The trial court's decision must be so arbitrary as to amount to a clear and prejudicial error of law. *Id*.

If a trial court's imposition of sanctions is supported under any one of the legal bases asserted, the Appellate Court will affirm the order. *Ketterman v. Texas Dep't of Fam. & Protective Servs.*, No. 01-12-00883-CV, 2014 WL 7473881, at *9 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.). "The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision." *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009).

"The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004) (quoting *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241 (Tex. 1985)). In other

words, when reviewing matters committed to the trial court's discretion, the appellate court may not substitute its own judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

### 4. Collin County has standing to bring Motion for Sanctions

Appellant derisively describes Collin County is a "non-party"[29] and argues that the County somehow ineligible to request or be awarded sanctions. Appellant is incorrect.

Collin County is entitled to file bring a MOTION FOR SANCTIONS, and be awarded sanctions in the form of reimbursement of attorney's fees associated with subpoenas. This matter was clearly addressed by the Dallas Court of Appeals in *In re H.M.S.*, 349 S.W.3d 250, 253 (Tex. App.—Dallas 2011, pet. denied), a case involving sanctions awarded to Collin County related to the filing of a motion to quash and for protective order.[30] In *HMS*, the Dallas Court of Appeals expressly held:

> The Texas Rules of Civil Procedure specifically contemplate awards in favor of nonparties to reimburse them for costs associated with subpoenas and discovery. See Tex. R. Civ. P. 205.3(f) & 176.7; see also *BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 872 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Although the rules do not authorize an award of attorney's fees to nonparties as a matter of reimbursement, the court's power to award sanctions is not similarly limited. Cf. *BASF*, 168 S.W.3d at 875. We conclude Lugo's argument that Judge Khoury was without jurisdiction to award sanctions to Collin County is without merit.

Although cited in the County's MOTION FOR SANCTIONS (C.R. 78), not surprisingly, Appellant <u>never</u> mentions the *HMS* case[31] as it directly rebuffs her argument about the County's standing to request sanctions.

---

[29]See, APPELLANT'S AMENDED BRIEF, p. 25. 26, 30, 32

[30]Undersigned counsel was counsel of record in such case.

[31]See, generally, APPELLANT'S AMENDED BRIEF

**5.      Appellant, not her clients, is responsible for Sanctionable conduct**

Appellant seems perplexed by the idea that she, not her clients, was the one sanctioned. Litigants don't issue subpoenas; lawyers do. Litigants don't make strategic decisions about what, where, and why to file motions; lawyers do. In a last ditch and desperate effort to avoid sanctions, Appellants seeks to foist the responsibility for her bad decisions upon her clients, the Browns. Appellant's insistence that she somehow is immunized from her improper conduct[32] borders on frivolous and barely merits a response. Undeniably, it was Appellant herself who made strategic, albeit improper, litigation decisions about the issuance of the subpoenas, the filing of her MOTION[33] in the 193rd District Court, and refusal to attend the duty noticed hearing in the 429th District Court. Appellant would apparently throw her clients "under the bus" due to her own sanctionable conduct. This is an affront to basic tenets of legal ethics and completely inconsistent with any common sense reading of the Texas Rules of Civil Procedure or Texas Bar Lawyer's Creed. Put bluntly, Appellant, not her clients, engaged in the bad faith conduct which necessitated sanctions.

**6.      Collin County 429th District Court did not abuse its discretion in imposing sanctions against Appellant**

The District Court's multifaceted decision for sanctions was not an abuse of discretion, and any of the various basis more than amply supports the imposition of sanctions against the Appellant. The reasons for imposition of a Protective Order discussed above apply with full force for likewise imposing sanctions against Appellant.

---

[32]See. i.e., APPELLANT'S AMENDED BRIEF, p. 11, 12, 15, 45, 49, 73

[33]Specifically, PLAINTIFFS' RULE 176.8 MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENA AND ORDER ATTENDANCE OF WITNESSES SUBPOENAED TO TESTIFY AT TRIAL (C.R. 42-74).

**A.** **Failure to comply with applicable law regarding non-party law enforcement records**

As detailed above and as expressly found by the 429th District Court, Appellant failed to follow the procedure set out in TEXAS CIVIL PRACTICE & REMEDIES CODE Section 30.006 for obtaining information about law enforcement records in civil cases. (C.R. 96).

**B.** **Appellant's failure to take reasonable steps to avoid imposing undue burden or expense on Appellees**

Appellant did not take reasonable steps to avoid imposing undue burden or expense on persons she sought to serve - Collin County Sheriff's Deputies Joshua Mounger, Mark Watson, Lee McMillan, and former Collin County Chief Deputy Constable Mike Rumfield.

This deliberate failure continued throughout the Thanksgiving holidays as Appellant, through her contumacious emails to the Undersigned, threatened to have the officers found in contempt and "escorted into court by the Dallas County Sheriff's office by court order" (C.R. 36, 37, 38, 96). Appellant argues that there is no evidence of disruption or harassment, but the three Motions required as a direct result of her conduct demonstrates otherwise.

Further evidence of Appellant's failure to take reasonable steps to avoid imposing undue burden or expense on Appellees was the gamemanship in her service of her Dallas County MOTION. She submitted her MOTION in Dallas County at 5:39 a.m. on Thanksgiving day, November 28, 2024, (C.R. 71) and represented in the Certificate of Conference[34] that she served a copy of same on the

---

[34]Appellant consistently chides that the Appellees' MOTION used the term "Certificate of Conference" [see, APPELLANT'S AMENDED BRIEF, p. 28, 29, 32, 33, 35,73, 74] when it is readily apparent from the context that it meant a "Certificate of Service". It is not surprising that there would be typographical errors as the Undersigned was juggling his family obligations during Thanksgiving with responding to Appellant's contumacious emails and dealing with Appellant's MOTION (C.R. 42-74) allegedly filed at on Thanksgiving morning - but then not actually served on Appellees' counsel at 7:48 a.m. on the Sunday of Thanksgiving (C.R. 71 ) before the Tuesday trial in the 193rd District Court of Dallas.

Undersigned that same day. (C.R. 45). The 429th District Court found she did not - and the evidence before the 429th District Court and the record before this reviewing Court certainly supports same. Appellant is insistent that service was completed the same day of filing [November 28, 2024],[35] but the very pages of the record she cites do not support her contention. For example, she represents to this Court that she "served all parties including Davis through the efiletexas.gov e-file service per Rule 21a. CR.42-70".[36] There is nothing on pages 42-70 of the record showing service on November 28, 2024, upon the undersigned. (C.R.42-70). To the contrary, the record confirms that it was not until Sunday evening of Thanksgiving holiday, December 1, 2024, that Appellees' counsel actually received merely a "Courtesy Notification" that Appellant's MOTION had been filed. (C.R.71).

**C.     Willful and deliberate attempt to subjugate 429th District Court's authority to adjudicate pending Motion for Protective Order**

A court may conclude that an attorney's actions are the type of conduct, that if tolerated, would breed disrespect for and threaten the integrity of the judicial system as a whole. *Liles v. Contreras*, 547 S.W.3d 280, 295 (Tex. App. - San Antonio 2018, pet. denied).

Appellant showed disrespect for, and exhibited a collusive intent to undermine, the judicial system and the 429th District Court's administration of justice, particularly since Texas Rules of Civil Procedure Rule 176.6(e) expressly provides that a motion to quash/motion for protective order can be filed in the county of service of the subpoena. Knowing that a Motion For Protective Order had already been filed in Collin County, instead of filing a response/motion in the 429th District Court, Appellant filed - in the Dallas Court - "PLAINTIFFS' RULE 176.8 MOTION TO COMPEL COMPLIANCE

---

[35] APPELLANT'S AMENDED BRIEF, p. 24

[36] APPELLANT'S AMENDED BRIEF, p. 24

32

WITH TRIAL SUBPOENA AND ORDER ATTENDANCE OF WITNESSES SUBPOENAED TO TESTIFY AT TRIAL". (C.R. 42-74). When confronted about her conduct, Appellant's snide retort was to email more threats, for example, "We'll let the issuing Court in Dallas County decide what to do about your protective order." (C.R. 37).

### D. Disruption, Interference and Costs of Collin County, its Sheriff's Office, and its Law Enforcement Employees

Appellant's conduct resulted in unnecessary costs and - quite simply - disruption and harassment of Collin County, its Sheriff's Office, and its Law Enforcement employees - a situation exacerbated by Appellant's filings during the Thanksgiving holiday.

Through her tactic of filing a competing and inconsistent MOTION in the Dallas District Court, Appellant forced Collin County to devote resources towards two separate matters, effectively increasing Attorney's fees. Not only was Appellant's ploy legally groundless, it also resulted in a waste of County resources and impacted other citizens from the full attention of the Sheriff's Office to other governmental matters. Equally important is that Appellant's filing of her MOTION necessarily impinged on the orderly operation of the 429th District Court's case load and efficient management of its already heavy docket. The multi-faceted actions by Appellant merit sanctions and support upholding the 429th District Court's orders.

### E. Appellants bad faith abuse of the judicial process and interference with the 429th District Court's traditional core functions

The 429th District Court's FINAL JUDGMENT, PROTECTIVE ORDER, AND ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE, after making two and a half pages of detailed findings, encapsulated why sanctions were appropriate under its inherent authority, writing:

33

(14)	Counsel Ugalahi Offoboche has engaged in a series of behavior constituting bad faith abuse of the judicial process and interference with this Court's traditional core functions. She has sought to subjugate and thwart this Court's jurisdiction and authority over the pending MOTION by (1) attempting to serve Movants with new subpoenas when there was a pending Motion To Quash and for Protective Order in this Court; (2) threatening to have Movants found in contempt of Court in Dallas District Court before this Court had held any hearing let alone issued any orders; (3) filing a MOTION TO COMPEL against Movants in the Dallas District Court despite this Court's jurisdiction over the SUBPOENAS served in Collin County; and (4) been disingenuous and dilatory in her service of her MOTION TO COMPEL. (C.R. 96).

(16)	The Court specifically finds that the conduct of Counsel Ugalahi Offoboche has infringed upon and interfered with this Court's ability to perform its core judicial functions effectively and protect this Court's jurisdiction, dignity, independence, and integrity. Thus, Counsel Ugalahi Offoboche actions are sanctionable under this Court's inherent powers to deter, alleviate, and counteract bad faith abuse of the judicial process which significantly interfered with the traditional core functions of this Court. (C.R. 97).

Deliberately seeking to circumvent a court's [429th's] jurisdiction, then defiantly proceeding when cautioned about the clear applicable procedural rules regarding same, is the essence of bad faith abuse of the judicial process and interference with a Court's traditional core functions. Appellant's requesting the 193rd District Court to resolve a very important and time sensitive legal issue [Appellees' MOTION FOR PROTECTIVE ORDER], effectively thereby robbing the 429th District Court of it clear statutory authority, encapsulates Appellant's infringement upon and interference with the 429th District Court's ability to perform its core judicial functions effectively and protect such Court's jurisdiction, dignity, independence, and integrity. This willful disregard for the 429th predominant jurisdiction to adjudicate the Motion For Protective order was exacerbated by Appellant's defiant refusal to respond in the 429th District Court to the Motion for Protective or attend the duly notice hearing.

In making its detailed findings, then entering a PROTECTIVE ORDER and imposing sanctions, the 429th District Court did not act in an arbitrary or capricious manner without reference to any

34

guiding rules or principles. To the contrary, the 429th District Court carefully considered the evidence and law to render a fair and reasoned decision. Appellant's callous disdain for the dominant court's jurisdiction encapsulates the type of disrespect for the judicial process for which a Court's inherent sanction authority is particularly applicable and appropriate.

It is important to recall that the issue on appeal is not whether this reviewing Court would have reached a different decision, but rather, whether the 429th District Court abused its discretion. Viewed through this legal lens, and based on the record before this reviewing Court, the 429th District Court did not abuse its discretion and its FINAL JUDGMENT, PROTECTIVE ORDER, AND ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE should be affirmed.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Appellees **Collin County, Texas, Collin County Sheriff's Deputies Joshua Mounger, Mark Watson, Lee McMillan and former Collin County Chief Deputy Constable Mike Rumfield** pray that this Honorable Court of Appeals affirm the January 30, 2025, FINAL JUDGMENT, PROTECTIVE ORDER, AND ORDER OF SANCTIONS AGAINST COUNSEL UGALAHI OFFOBOCHE; and that Appellees have such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

By:      /s/ *Robert J. Davis*
         **ROBERT J. DAVIS**
         State Bar No. 05543500
         **KYLE THOMAS BARRY**
         State Bar No. 24122284
         **MATTHEWS, SHIELS,  KNOTT,**
         **EDEN, DAVIS & BEANLAND, L.L.P.**
         8131 LBJ Freeway, Suite 700
         Dallas, Texas 75251
         972/234-3400 (office)
         972/234-1750 (telecopier)
         bdavis@mssattorneys.com
         kbarry@mssattorneys.com

         **ATTORNEY FOR MOVANTS/APPELLEES**
         **COLLIN COUNTY, TEXAS, COLLIN COUNTY**
         **DEPUTIES JOSHUA MOUNGER, MARK**
         **WATSON, LEE McMILLAN,** and **CHIEF**
         **DEPUTY CONSTABLE MICHAEL RUMFIELD**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to Tex. R. App. P. 9.5, on the 21st day of August , 2025, a true and correct copy of the above and foregoing instrument was served upon Appellant's counsel via e-service.

                        /s/ *Robert J. Davis*
                        **ROBERT J. DAVIS**

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), the undersigned certifies that the  BRIEF OF APPELLEES complies with the maximum length of TEX. R. APP.  P. 9.4(i)(2)(B) in that, according to the word count of Corel Word Perfect, it contains 10,998 words, exclusive of the matters identified in TEX. R. APP.  P. 9.4(i)(1). The BRIEF OF APPELLEES has been prepared in  proportionally spaced typeface using Corel Word Perfect, Version 12 in Times New Roman, 12 Point.

                        /s/ *Robert J. Davis*
                        **ROBERT J. DAVIS**

36

# APPENDIX EX. 1

**From:** Ugy Offoboche <ugy@uacoffobochelaw.com>
**Sent:** Tuesday, May 17, 2022 2:02 PM
**To:** CCSO Open Records . <ccsoopenrecords@co.collin.tx.us>; Ugalahi Offoboche <ugy@uacoffobochelaw.com>
**Subject:** URGENT REQUEST: INCIDENT NUMBER 19001766, REQUEST FOR CERTIFIED COPIES OF RECORDS.

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Dear Officer,

Regarding the **Incident number: 19001766**, I represent the reported victim Edward Brown. This is an urgent request to obtain from the Custodian of Business Records, certified copies of the incident report and all bodycam video and audio recordings for the incident reported as a **Theft 2500/30,000** on **01/04/2019** along with a certified chain of custody record.
With the certified records, I request an affidavit of the Custodian of Business Records authenticating the records: 18 Videos, Incident Report and Chain of Custody Records.
This request is urgent. A Completed request form is attached along with a Chain of Custody record to aid identification and expedition of this request.
Please let me know how much these will cost to obtain immediately so I can get this paid and picked up.
## PLEASE NOTE THAT OUR ADDRESS HAS CHANGED. SEE BELOW.

With Kind Regards,

Ugalahi Ugy Offoboche, Esq.
Managing Attorney
U. A. C. OFFOBOCHE LAW FIRM
675 Town Square Blvd., Ste. 200, Bldg. 1A,
Garland, Texas 75040
214-299-7599 (Direct)
469-263-6304 (Reception)
214-853-5708 (Fax)
ugy@uacoffobochelaw.com
www.uacoffobochelaw.com
"Dedicated & Thorough"

"A man convinced against his will is of the same opinion still." Anonymous
"Forgiveness is only beneficial if given to one who does not deserve it." Clairecut

The content of this communication may be confidential and/or proprietary to U.A.C. Offoboche Law Firm. The information transmitted herein is intended only for use by the individual(s) or entity(ies) to which it is addressed and may be information that is legally privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any review, transmission or retransmission, dissemination, distribution, copying or other use of, or taking of any action in reliance upon this information is strictly prohibited. If you have received this communication in error, please notify the sender immediately by email and delete the communication.

# APPENDIX EX. 2

**From:** Ugy Offoboche <ugy@uacoffobochelaw.com>
**Sent:** Wednesday, May 18, 2022 11:12 AM
**To:** CCSO Open Records . <ccsoopenrecords@co.collin.tx.us>; Ugalahi Offoboche
<ugy@uacoffobochelaw.com>
**Subject:** URGENT REQUEST: INCIDENT NUMBER 19001766, REQUEST FOR CERTIFIED COPIES OF RECORDS

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Dear Officer,

Regarding the **Incident number: 19001766**, I represent the reported victim Edward Brown. This is an urgent request to obtain from the Custodian of Business Records, certified copies of the incident report and all bodycam video and audio recordings for the incident reported as a Felony **Theft $2500/$30,000** on **01/04/2019** along with a certified chain of custody record, a copy of which is attached hereto.

With production of the certified records, I request an Business Records Affidavit from the Custodian of Business Records authenticating the records: 18 Videos, Incident Reports and Chain of Custody Records are what I seek. This request is urgent. A Completed request form is attached along with a Chain of Custody record to aid identification and expedition of this request.

Please let me know how much these will cost to obtain immediately so I can get this paid and picked up.

I thank you.

## PLEASE NOTE THAT OUR ADDRESS HAS CHANGED. SEE BELOW.

With Kind Regards,

Ugalahi Ugy Offoboche, Esq.
Managing Attorney
U. A. C. OFFOBOCHE LAW FIRM
675 Town Square Blvd., Ste. 200, Bldg. 1A,
Garland, Texas 75040
214-299-7599 (Direct)
469-263-6304 (Reception)
214-853-5708 (Fax)
ugy@uacoffobochelaw.com
www.uacoffobochelaw.com
"Dedicated & Thorough"

"A man convinced against his will is of the same opinion still." Anonymous
"Forgiveness is only beneficial if given to one who does not deserve it." Clairecut

The content of this communication may be confidential and/or proprietary to U.A.C. Offoboche Law Firm. The information transmitted herein is intended only for use by the individual(s) or entity(ies) to which it is addressed and may be information that is legally privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any review, transmission or retransmission, dissemination, distribution, copying or other use of, or taking of any action in reliance upon this information is strictly prohibited. If you have received this communication in error, please notify the sender immediately by email and delete the communication.

# APPENDIX EX. 3

# MATTHEWS, SHIELS, KNOTT,
## EDEN, DAVIS & BEANLAND, L.L.P.

ATTORNEYS AND COUNSELORS

MISTI L. BEANLAND*
ROBERT J. DAVIS
ROBERT L. EDEN
DANIEL A. KNOTT
J. BAILEY McSHANE, IV.

8131 LBJ FREEWAY, SUITE 700
DALLAS, TEXAS 75251

TELEPHONE: (972) 234-3400
TELECOPIER: (972) 234-1750

TOM D. MATTHEWS (1910-1988)
TOM D. MATTHEWS, JR.
CHRISTEN C. PAQUIN
THOMAS A. SHIELS
MARLENE D. THOMSON*

*licensed in Texas and Oklahoma

Writer's Voice Mail Extension: 225
Writer's E-Mail: bdavis@mssattorneys.com

May 27, 2022

**VIA EMAIL**
Ugalahi Offoboche
U.A.C Offoboche Law Firm
675 Town Square Blvd., Suite 200, Bldg. 1A
Garland, Texas 75040

Re:     ***Public Information Request Received by Collin County Sheriff's Office on May 17, 2022, and again on May 18, 2022, from Attorney Offoboche for Business Records Affidavit regarding criminal matter***
        **Our File No. 1600/71458**

Dear Mr. Offoboche:

I have been retained by Collin County to assist the Sheriff's Office regarding the above-referenced Public Information Act Requests. I have been provided with a copy of your email and attached OPEN RECORDS REQUEST FORM dated May 17, 2022, at 2:02 p.m. In such email, you write:

> Regarding the **Incident number: 19001766**, I represent the reported victim Edward Brown. This is an urgent request to obtain from the Custodian of Business Records, certified copies of the incident report and all bodycam video and audio recordings for the incident reported as a **Theft 2500/30,000** on **01/04/2019** along with a certified chain of custody record.
>
> With the certified records, I request an affidavit of the Custodian of Business Records authenticating the records: 18 Videos, Incident Report and Chain of Custody Records. This request is urgent. A Completed request form is attached along with a Chain of Custody record to aid identification and expedition of this request.
>
> Please let me know how much these will cost to obtain immediately so I can get this paid and picked up.

The accompanying Collin County Sheriff's Office OPEN RECORDS REQUEST FORM, dated "05/17/2022", in the box entitled "Date of Incident or Jailing" you note "10/01/2018- 01/04/2019." For the box entitled "Case, Incident, or Event ID Number if known" you write "19001766, Body Recordings 190104_2 13500, 14522, 15404, 21040, 22518, 23516, 24930, 30117, 32423". In the box entitled "Any other information" you write:"URGENT - 9- bodycam-video/audio, with business-records-affidavit-listing-officers/witnesses."

I have also been provided with your email dated May 18, 2022, sent at 11:12 a.m. wherein you write:

> Regarding the **Incident number: 19001766**, I represent the reported victim Edward Brown. This is an urgent request to obtain from the Custodian of Business Records, certified copies of the incident report and all bodycam video and audio recordings for the incident reported as a Felony **Theft $2500/$30,000** on **01/04/2019** along with a certified chain of custody record, a copy of which is attached hereto.
>
> With production of the certified records, I request an Business Records Affidavit from the Custodian of Business Records authenticating the records: 18 Videos, Incident Reports and Chain of Custody Records are what I seek. This request is urgent. A Completed request form is attached along with a Chain of Custody record to aid identification and expedition of this request.
>
> Please let me know how much these will cost to obtain immediately so I can get this paid and picked up.
>
> I thank you.

It appears that the accompanying Collin County Sheriff's Office OPEN RECORDS REQUEST FORM, dated "05/17/2022", is the exact same one which was submitted the day before.

Since you represent Edward Brown,[1] I must advise you that this now the **Fifth** and **Sixth** request for the very same records.[2]

First, on July 12, 2021, Robin Brown emailed the Collin County Sheriff's Office making a revised Public Information Act Request and submitting a Collin County Sheriff's Office OPEN RECORDS REQUEST FORM and handwritten notes. In such OPEN RECORDS REQUEST FORM and its accompanying handwritten notes, she essentially sought the entirety of the criminal investigative file/records regarding a then pending stolen aircraft investigation/case, as well as information about Grand Jury referrals, and also possible reports to other law enforcement agencies. A request for an Attorney General decision was submitted by the Collin County Sheriff's Office on July 23, 2021. Thereafter, on October 4, 2021, I provided Robin Brown with a copy of Texas Attorney General Opinion OR2021-26709 dated September 29, 2021, regarding such Public Information Act request. Robin Brown was advised that "In accordance with the findings and directives of the Texas Attorney General's Office, the Sheriff's Office will be withholding the requested documents."

The second request was on September 14, 2021, when Robin Brown sent an email to the Collin County Sheriff's Office noting that the criminal cases had been "no billed" and she made a new request for the same records. This second request was submitted to the Texas Attorney

---

[1] It is believed that the Requestor referenced as "Robin Brown" is the spouse of your client, Edward Brown.

[2] It should also be noted that your client's wife Robin Brown has previously been provided with the "MEDIA REPORT" for Incident No. 19001766 which contains the basic information about the incident

General's Office on September 24, 2021. Thereafter, on December 21, 2021, I provided Robin Brown with a copy of Texas Attorney General Opinion OR2021-36193 dated December 17, 2021, regarding her second Public Information Act request to the Collin County Sheriff's Office for these same records. As this letter clearly stated "In accordance with the findings and directives of the Texas Attorney General's Office, the Sheriff's Office will be withholding the requested documents."

The third request was on March 10, 2022, when Robin Brown submitted an OPEN RECORDS REQUEST FORM dated March 10, 2022, again seeking criminal investigative file/records regarding a stolen aircraft investigation/case. In the box entitled "Any other information" she write that she sought "The case reports, which have the referenced numbers assigned: OR2021-33689, AG ID #918462, SID NO. TX01994897, FBI NO. 264419N1, INCIDENT NO. 19001766 COLLIN COUNTY, TX USA." Thereafter, on March 21, 2022, I sent her a letter detailing the prior requests and relaying: "Nothing has changed since the last Attorney General Opinion. Thus, in accordance with the prior findings and directives of the Texas Attorney General's Office, the Sheriff's Office will still be withholding the requested documents."

The fourth request, albeit not really a request for existing records but rather a request to create new records [a business records affidavit] was submitted on May 13, 2022, through a Collin County Sheriff's Office OPEN RECORDS REQUEST FORM. In the box in the FORM entitled "Any other information" Robin Brown wrote that:

> "I RECEIVED ONE CD WITH BODY CAM VIDEO & AUDIO AND COLLIN COUNTY SHERIFF'S REPORTS ON 3/15/2019. I RECEIVED 1 CD WITH BODY CAM VIDEO & AUDIO ON 3/25/2019. THESE ARE THE RECORDS WHICH I AM NEEDING THE AFFIDAVIT OF RECORDS FOR."

On May 23, 2022, Robin Brown was advised that "It appears that you are not actually seeking records from the Sheriff's Office, but rather, apparently seek the creation of a Business Records Affidavit for materials which you claim were provided to you 1,155 days ago." She was further told "Your request of May 13, 2022 [as detailed above and contained in the OPEN RECORDS REQUEST FORM] would require the Collin County Sheriff's Office to create a new document that did not exist at the time your request was submitted. Thus, the Sheriff's Office is unable to respond or provide you with an Affidavit under the Texas Public Information Act."

Your Fifth and Sixth requests of May 17, 2022, and May 18, 2022, detailed above, now seem to seek the records and Business Records Affidavits which your client's wife has requested on four prior occasions.

While Collin County Sheriff's Office firmly believes in transparent government, it is also required to follow the applicable law(s) regarding the Texas Public Information Act, law enforcement records, privacy, and confidential records. Please also note that the Texas Public Information Act does not require a governmental body to prepare answers to questions or to do legal research. See Open Records Decision Nos. 563 at 8 (1990)(considering request for federal and state laws and regulations), 555 at 1–2 (1990) (considering request for answers to fact questions). Similarly, the Texas Public Information Act does not require a governmental body that receives a request for information to create information that did not exist when the request was received. *See*

*Econ. Opportunities Dev. Corp. v. Bustamante,* 562 S.W.2d 266 (Tex. Civ. App.-San Antonio 1978, writ dism'd); *see also,* Open Records Decision Nos. 605 at 2 (1992), 563 at 8 (1990), 555 at 1-2 ( 1990), 452 at 3 (1986), 362 at 2 (1983). Likewise, in the TEXAS ATTORNEY GENERAL PUBLIC INFORMATION ACT HANDBOOK it specifically advises that "The Act does not require a governmental body to create new information, to do legal research, or to answer questions. In preparing a request, a person may want to ask the governmental body what information is available." *See,* Texas Att'y Gen, PIA Handbook 2020, at I, 21-22 (2020), https://www.texasattorneygeneral .gov/sites/default/files/files/divisions/opengovernment/publicinfo_hb.pdf.

Against this legal background, and pursuant to Section 552.222(b) of the TEXAS GOVERNMENT CODE, the Collin County Sheriff's Office requests that you clarify and narrow your request. Specifically:

(1)     Please clarify and confirm that your email and attached OPEN RECORDS REQUEST FORM dated May 17, 2022, sent at 2:02 p.m. and email and attached OPEN RECORDS REQUEST FORM dated May 18, 2022, sent at 11:12 a.m., seek the same exact records and videos. In other words, can you please clarify that both requests, albeit sent on two different dates, are for the same exact records;

(2)     Please clarify and narrow your request to a more definite time/date frame. In your emails of May 17, 2022, and May 18, 2022, you reference a specific single date ["**01/04/2019**"] yet in the accompanying Collin County Sheriff's Office OPEN RECORDS REQUEST FORM you have a much broader date range ["10/01/2018 - 01/04/2019"] spanning ninety five (95) days. Please clarify the pertinent date(s) for the records which you seek;

(3)     Please clarify, identify and narrow your request to those documents and/or videos which are new and/or different from the requests previously submitted on July 12, 2021, September 14, 2021, March 10, 2022, and May 13, 2022, from your client's wife, Robin Brown. In other words, if your May 17, 2022, and May 18, 2022, requests are just duplicate request(s) of Robin Brown's four prior request(s), please confirm and advise as to whether you wish to proceed with your May 17, 2022, and/or May 18, 2022, request. If so, the County will be obligated to seek an Attorney General Decision regarding the Sheriff's Office's authority and obligation to withhold certain requested information from public disclosure. I presume that the result will be the same as articulated in Texas Attorney General Opinion OR2021-36193 dated December 17, 2021.

Should you choose not to clarify your request within sixty-one (61) days from the date of this correspondence the Sheriff's Office will consider your request withdrawn. *See* TEX. GOV'T CODE §552.222(d). Please also note that when a governmental body, acting in good faith, requests clarification or narrowing of an unclear or over-broad request, the 10-business-day period to request an Attorney General decision is measured from the date the request is clarified or narrowed. *See, City of Dallas v. Abbott*, 304 S.W. 3d 380, 387 (Tex. 2010).

Please further note that your requests of May 17, 2022, and May 18, 2022, in certain pertinent part(s), [i.e., "I request an Business Records Affidavit from the Custodian of Business Records authenticating the records."] would require the Collin County Sheriff's Office to create a new document that did not exist at the time your request(s) were submitted. Thus, the Sheriff's Office is unable to respond or provide you with an Affidavit under the Texas Public Information Act.

Finally, please note that even if your request(s) are sufficiently clarified and/or narrowed, the Collin County Sheriff's Office, pursuant to and required by the Texas Public Information Act, TEX. GOV. CODE §552.301, reserves its right to request an Attorney General Decision regarding the Sheriff's Office's authority and obligation to withhold certain requested information from public disclosure.

Thank you for your prompt attention to this matter.

Very truly yours,

/s/ *Robert J. Davis*

ROBERT J. DAVIS

RJD/bd
T:\233\1\1600\71458 Brown\PIA 5 (5-17-2022\Requestor (5-27-2022).wpd

# APPENDIX EX. 4

MATTHEWS, SHIELS, KNOTT,
EDEN, DAVIS, & BEANLAND, L.L.P.
ATTORNEYS AND COUNSELORS

MISTI L. BEANLAND*
ROBERT J. DAVIS
ROBERT L. EDEN*
DANIEL A. KNOTT
J. BAILEY McSHANE, IV

8131 LBJ FREEWAY, SUITE 700
DALLAS, TEXAS  75251

TELEPHONE:  (972) 234-3400
TELECOPIER:  (972) 234-1750

TOM D. MATTHEWS (1910-1988)
TOM D. MATTHEWS, JR.  (1936-2015)
CHRISTEN C. PAQUIN
THOMAS A. SHIELS (1956-2019)
MARLENE D. THOMSON*

*licensed in Texas and Oklahoma

Writer's Voice Mail Extension: 225
Writer's E-Mail: bdavis@mssattorneys.com

August 27, 2022

**VIA EMAIL**
Ugalahi Offoboche, Attorney for Victim Edward Brown

**Re:** ***Public Information Requests Received by Collin County Sheriff's Office on May 17, 2022, and May 18, 2022, and clarified on May 27, 2022, from Attorney  for records regarding criminal matter which have been address in prior determinations***
**Our File No. 1600/71458**

Dear Mr. Offoboche:

Enclosed please find a copy of Texas Attorney General Decision OR2022-25376 dated August 23, 2022, regarding the above-referenced Public Information Act request to the Collin County Sheriff's Office.  In accordance with the findings and directives of Assistant Attorney General Tim Neal, the Collin County Sheriff's Office will be withholding the requested records.

Thank you for your attention to this matter.

Very truly yours,

/s/ *Robert J. Davis*

ROBERT J. DAVIS

RJD/bd
T:\233\1\1600\71458 Brown\PIA 5 (5-17-2022\Requestor (8-27-2022).wpd

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Davis on behalf of Robert Davis
Bar No. 05543500
bdavis@mssattorneys.com
Envelope ID: 104692079
Filing Code Description: Brief Requesting Oral Argument
Filing Description: BRIEF OF APPELLEES
Status as of 8/21/2025 3:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ugalahi UgyOffoboche | | ugy@uacoffobochelaw.com | 8/21/2025 3:31:56 PM | SENT |
| Robert J.Davis | | bdavis@mssattorneys.com | 8/21/2025 3:31:56 PM | SENT |
| Robert J.Davis | | bdavis@mssattorneys.com | 8/21/2025 3:31:56 PM | SENT |
| Robert J.Davis | | bdavis@mssattorneys.com | 8/21/2025 3:31:56 PM | SENT |
| Kyle T.Barry | | kbarry@mssattorneys.com | 8/21/2025 3:31:56 PM | SENT |
| Kyle T.Barry | | kbarry@mssattorneys.com | 8/21/2025 3:31:56 PM | SENT |